VENCENZO MARTRICIANO

*vs.*

CAMILLO PROFENNO AND MARYLAND CASUALTY CO.

Cumberland County. Decided October 8, 1928. Appeal by the defendants from a decree affirming an award for compensation under the Workmen's Compensation Act.

The petition for award which gave rise to the present case was dated October 27, 1927. In that petition it is alleged that on the 20th day of November, 1926, while working as a laborer in the employ of the defendant he was struck by an automobile as a result of which he "received concussion of the skull, abrasions, and *was ruptured.*" (Italics by the court).

Following the accident of November 20, 1926, the petitioner received compensation by agreement, which compensation had ceased by decree of the Industrial Accident Commission, but the findings now under consideration were based upon the aforesaid petition alleging that the claim was based upon a period of incapacity subsequent to that for which compensation had already been paid. The present incapacity of the petitioner is due to a hernia.

The issue, as stated by the claimant, "Is the disability, that claimant now has, one that is attributable to the accident of November 20, 1926."

The defendants state the issue in slightly different language saying that "The issue in this case is whether or not the recurring femoral hernia on the right side is a result of the accident sustained by the petitioner on November 20, 1926, when he received an injury while being employed by the defendant as a result of which he suffered a femoral hernia on the left side." And the defendant further states as his contention that there was no evidence, outside of surmise and conjecture, which could connect the left femoral hernia with the recurrence of the right femoral hernia, in as much as the original femoral hernia on the right side, which occurred in Italy, was the cause of all the trouble on the right side.

Taking either of the statements as to the issue, it is quite plain that the issue was one of fact and was decided by the Industrial Accident Commission in favor of the petitioner.

In reaching its conclusion the Industrial Accident Commission evidently determined that either from congenital conditions or from the early hernia suffered in Italy there was a physical condition which was accelerated or excited by the accident on November 20, 1926, and using this as a basis the compensation prayed for was granted.

The record in the case is quite extended and consists of testimony of laymen as to the capacity of the petitioner to labor, and particularly lengthy as to medical evidence.

To enter into a detailed discussion of this evidence would be of little interest except to the parties. The defendants urge that the Commission was not only unjustified in finding facts which would connect the recurring hernia with the accident of November 20, 1926, but that the findings are based wholly upon guess, conjecture, surmise and impressions.

The petitioner contends that the accident on November 20, 1926, aggravated his diseased condition and thus produced his present disability, or at all events brought it on at a much earlier time than it otherwise would have resulted.

This court has held that it is sufficient to sustain a finding for the injured employee if the accident "hastened a deep-seated disorder," *Lachance's Case*, 121 Me., 506, or "so influenced the progress of an existing disease as to cause disablement," *Mailman's Case*, 118 Me., 180, or "caused an acceleration or aggravation of a preëxisting disease," *Harlow's Case*, 125 Me., 137. We have also repeatedly held that in determining questions of fact the Industrial Accident Commission may draw all reasonable inferences from the evidence and circumstances; that the evidence should be taken most favorably for compensation to the claimant on appeal; and that the Compensation Act, being remedial, should be given a broad interpretation in carrying out the purpose of the act.

The Massachusetts court, in one of its leading cases, *Saunder's Case*, 224 Mass., 558, declared that in determining the sufficiency of evidence doubts should be resolved in favor of the petitioner.

While it may be said that there is room for doubt as to the finding of the Industrial Accident Commission in this case yet, in the absence of fraud, we should ever bear in mind the decisive force of the tribunal which, by statute, is declared to be the ultimate judge of the weight and effect of the testimony.

A careful examination of all the records disclose that there is some evidence from which reasonable inferences may be drawn sustaining the finding of the Industrial Accident Commission and therefore the mandate will be, Appeal dismissed, decree below affirmed. *Joseph E. F. Connolly, Frank P. Preti,* for claimant. *George H. Hinckley, Wm. H. Tribou,* for defendant.